United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAMISI X. SPEARS,

    Petitioner,

  v.

M. EVANS, Warden,

    Respondent.
                               /

No. C 09-2816 SI (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on grounds of untimeliness. (See Docket No. 6.) For the reasons set forth below, respondent's motion is GRANTED and the petition DISMISSED.

## BACKGROUND

In 2004, an Alameda Superior Court jury found petitioner guilty of first degree murder. The state supreme court denied the petition for direct review on December 12, 2007. It appears that petitioner did not seek state habeas relief. Petitioner filed the instant federal habeas petition on June 24, 2009. Respondent moves to dismiss the petition as untimely in that it was filed outside of AEDPA's one year statute of limitations, and is therefore time-barred. (Resp't's Mot.

to Dismiss ("MTD") at 1.)

## DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

### B. Timeliness of the Petition

The following facts are undisputed. The California Supreme Court denied petitioner's petition for direct review on December 12, 2007. Petitioner had one year and ninety days to file a timely habeas petition, specifically until March 12, 2009. The instant federal habeas petition was filed on June 24, 2009, which is after the March 12, 2009 deadline. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d).

//
//
//

2

**C.      Statutory and Equitable Tolling**

    **1.      Statutory Tolling**

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. See § 2244(d)(2).

Petitioner is not entitled to statutory tolling because he did not file any state habeas petitions. Absent equitable tolling, the petition must be dismissed as untimely.

    **2.      Equitable Tolling**

Petitioner contends that he is entitled to equitable tolling on grounds that he reasonably misinterpreted his appellate counsel's instructions on when to file a timely federal habeas petition, and on grounds of petitioner's lack of legal knowledge. (Pet., Decl., Exs. A & B.) After the California Supreme Court denied his petition for review, petitioner's appellate counsel sent petitioner a letter, dated December 18, 2007, in which he recommended that petitioner file a federal habeas petition. The relevant portion of the letter is as follows:

> I regret to inform you that the California Supreme Court has denied review in your case. I have enclosed a copy of the court's order in this regard. You have the right to file a petition for certiorari in the United States Supreme Court within 90 days of the date of filing of the denial of the Petition for Review. The better option, in my opinion, is to file a petition for habeas corpus on all the issues we lost on in the federal district court where you were convicted within one year and 90 days from the date that the California Supreme Court denied review (the date on the enclosed Supreme Court order).

(Id., Ex. B.) Petitioner contends that he understood appellate counsel to mean that he "had to wait one year and 90 days before I could file the federal petition." (Id., Decl. Ex. A.)

Although the Supreme Court has never "squarely addressed" the question of whether equitable tolling is applicable to AEDPA's statute of limitations, see Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), the Ninth Circuit has held the one-year limitations period can be equitably tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (finding § 2244(d) is a statute of limitations and not a jurisdictional bar). In the

3

1 majority of cases, however, equitable tolling will not be available, because extensions of time
2 should be granted only if "extraordinary circumstances beyond a prisoner's control make it
3 impossible to file a petition on time." Id. (internal quotation and citation omitted).

4     The Ninth Circuit has held the petitioner bears the burden of showing such "extraordinary
5 exclusion" is applicable. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Further, to
6 be granted equitable tolling, the petitioner must establish two elements: "(1) that he has been
7 pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."
8 Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419).
9 Where a prisoner fails to show "any causal connection" between the grounds upon which he
10 asserts a right to equitable tolling and his inability to file a federal habeas application timely, the
11 equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir.
12 2005).

13     Here, petitioner has not shown he is entitled to equitable tolling. Specifically, petitioner
14 has not shown that some extraordinary circumstance stood in his way. Although the letter is not
15 model of clarity, petitioner's interpretation of appellate counsel's advice was not reasonable.
16 The letter clearly stated that petitioner had to file a federal habeas petition "within one year and
17 90 days from the date that the California Supreme Court denied review (the date on the enclosed
18 Supreme Court order)." Petitioner had been told that the state supreme court had denied review,
19 and a copy of the order was enclosed with appellate counsel's letter. Petitioner was properly
20 informed, yet failed to act within the filing date.

21     Even if the letter could reasonably be interpreted as negligent, attorney error is not a
22 sufficient basis for granting the extraordinary relief of equitable tolling, see Majoy v. Roe, 296
23 F.3d 770, 776 n.3 (9th Cir. 2002),[1] unless the attorney's conduct is sufficiently egregious, as
24 opposed to merely negligent, see Spitsyn v. Moore, 345 F.3d 796, 800–01 (9th Cir. 2003)

---

[1] Holding petitioner not entitled to equitable tolling; noting petitioner's "attempt to place blame on his previous attorney and to assign his reliance on that attorney having made timely filing 'impossible' falls short of the circumstances required to engage this exception"); see also Miranda v. Castro, 292 F.3d 1063, 1066–67 (9th Cir. 2002) (finding attorney's negligence in calculating filing deadline does not meet standard for equitable tolling).

4

(equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due; remanding on issue of whether petitioner exercised reasonable diligence).

Nor is a pro se petitioner's lack of legal sophistication itself an extraordinary circumstance warranting equitable tolling. See Raspberry, 448 F.3d at 1154. A petitioner's language limitations do not, of themselves, justify equitable tolling; rather, equitable tolling may be justified only if such limitations actually prevent timely filing. See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). From the record of his multiple filings in state court, it does not appear that petitioner's lack of legal knowledge prevented him from pursuing his legal rights.

Petitioner is not entitled to equitable tolling. Accordingly, respondent's motion to dismiss on grounds on untimeliness is GRANTED, and the petition is DISMISSED.

### CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 6) is GRANTED. The petition is hereby DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

This order terminates Docket No. 6.

**IT IS SO ORDERED**.

DATED: May 28, 2010

SUSAN ILLSTON
United States District Judge

5